UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Kelly Ann McKenzie** <br><br> Plaintiff, <br><br> v. <br><br> **Chad Warren and Stepping Stone Pre + Grade School,** <br><br> Defendants. | No. 1:23-cv-05240-NRM-LB <br><br> **Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Kelly Ann McKenzie ("Plaintiff"), proceeding *pro se*, filed this civil action on July 7, 2023. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, *see* ECF No. 2, is granted for the limited purpose of this Order. For the reasons set forth below, the Complaint is dismissed for lack of jurisdiction.

## I. Background

The complaint is filed on a form complaint for civil actions. Compl., ECF No. 1. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Federal question and states "Negligence/Breach of contract witholding [*sic*] education from a child." *Id.* at 4. Plaintiff asserts that she and Defendants are citizens of New York State. Plaintiff states that she shares custody of her daughter, K.M.M., with her mother and that she agreed to have K.M.M. attend Defendants' school. *Id.* at 6. She claims that in November of 2020 she discovered that her daughter was "behind in her studies." *Id.* at 6. At the suggestion of her daughter's teacher, she enrolled K.M.M. in professional tutoring services, which cost $1500. *Id.* at 6-7. Plaintiff asserts that Defendants' actions caused "stress on the child during tutoring and additional education expenses," which, she claims, constituted negligence and breach of contract. *Id.* at 7. Plaintiff seeks $4 million in damages. *Id.* at 7-8.

## II. Standard of Review

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## III. Discussion

In this case, Plaintiff's complaint does not assert any valid basis for this Court's jurisdiction over her claims, as she has neither presented a federal question nor asserted diversity jurisdiction. Plaintiff alleges negligence and breach of contract, which may assert causes of action under state law, but these allegations do not implicate any federal law or right. Federal courts may not decide issues of state law unless the federal court has diversity jurisdiction over the claim. In this case, however, Plaintiff alleges that both she and the defendants are residents of New York State. This

means that Plaintiff may not rely on diversity of citizenship to assert federal jurisdiction over these potential state law claims.

There is no federal constitutional or statutory right to education for one's children. *Goe v. Zucker*, 43 F.4th 19, 31 (2d Cir. 2022) (citing *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) (holding that "[t]he right to public education is not fundamental"). Plaintiff has not alleged discrimination or in any way suggested that her rights to procedural due process or equal protection may have been violated.[1] Thus, Plaintiff's claim regarding her daughter's educational achievements fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, a court should grant leave to amend at least once. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). However, "leave to amend need not be granted when amendment would be futile." *Id.* In this case, Plaintiff has not presented any factual allegations or legal arguments that would conceivably bring her claims about her daughter's education in New York State under federal jurisdiction, and the Court concludes that amendment would therefore be futile.

## IV. Conclusion

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any potential state law claims are dismissed without prejudice to filing in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma*

---

[1] Plaintiff can only bring this Complaint on her own behalf. A *pro se* plaintiff cannot represent her child in a lawsuit unless she is an attorney admitted in this Court. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). This Order only addresses Plaintiff's claims and does not affect any claims that her daughter might have.

*pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

SO ORDERED.

      /s/ NRM
NINA R. MORRISON
United States District Judge

Dated:   August 1, 2023
            Brooklyn, New York